

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER ERIK OBALLE,<br>a/k/a "Allie Oballe,"<br><br>Defendant. | Case No. 1:20-CR-222 |

STATEMENT OF FACTS

The United States and the defendant, CHRISTOPHER ERIK OBALLE (hereinafter, "the defendant"), agree that the following facts, as well as the allegations in Count One of the indictment, are true and correct, and that had this matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From at least as early as July 2013 to at least as recently as June 2019 in the Eastern District of Virginia and elsewhere, the defendant knowingly received and attempted to receive a visual depiction using any means or facility of interstate or foreign commerce, and that had been shipped and transported in or affecting interstate and foreign commerce, by any means including by computer, the producing of which visual depiction involved the use of a minor engaging in sexually explicit conduct, and which visual depiction was of such conduct.

2. On or about October 8, 2019, an undercover special agent with the Federal Bureau of Investigation ("FBI") conducted an investigation of a peer-to-peer file-sharing network ("Network") that operates over the internet. During this investigation, the special agent observed that an individual accessing the Network from a specific Internet Protocol ("IP") address appeared to be requesting to download multiple files depicting child pornography over the Network. At the

1

time of this conduct, this IP address was assigned to a residence in Bristow, Virginia, where the defendant lived.

3. Law enforcement obtained a federal warrant from the U.S. District Court for the Eastern District of Virginia that authorized a search of this residence in Bristow, Virginia, for evidence of violations of 18 U.S.C. § 2252, and executed the warrant on or about January 3, 2020. The defendant was present during the search of the residence and agreed to speak to law enforcement. During the interview, the defendant stated he had experience in network administration. Additional information from the search warrant execution revealed that the defendant had been living at the residence since December 2016.

4. Pursuant to the warrant, law enforcement seized a number of electronic devices from the defendant's residence, including the following, which were manufactured outside the state of Virginia:

   a. ASUS Eee PC laptop computer containing a Seagate Hard Drive 250 GB, serial number 5VC3MMTD;

   b. ASUS laptop computer containing a Western Digital Hard Drive 250 GB, serial number 182912805166;

   c. Gateway laptop computer containing a Western Digital Hard Drive 320 GB, serial number WXE208AT5146; and an OCZ Technology Hard Drive 60 GB, serial number 026791109006449;

   d. MSI laptop computer containing a Western Digital M.2 Hard Drive, 512 GB, serial number 192912802818.

5. A computer forensic examination of these four devices uncovered approximately 1,600 images and videos depicting minors engaged in sexually explicit conduct, including, but not

limited to, sexual intercourse, digital penetration of genitalia, penetration of genitalia with objects, lascivious exhibition of the genitals, and single images of bondage and bestiality. The forensic evidence of these four devices also established that the defendant knowingly received these images and videos depicting minors engaged in sexually explicit conduct using the internet and saved them in "downloads" folders under the username "chris" or "coballe". The downloads folders were associated with peer-to-peer file-sharing networks, including the Network that the special agent observed in the investigation. Further evidence showed that the defendant also saved images and videos within a user-created folder titled "Chris Backup".

6. Most recently, in or about June 2019, the defendant used a peer-to-peer application on the ASUS laptop computer containing a Western Digital Hard Drive to access a file-sharing network and then knowingly downloaded hundreds of images depicting naked pubescent minors posing in sexually explicit ways and dozens of videos depicting minors engaged in sexually explicit or lascivious conduct. The defendant saved these downloaded images and videos in his "downloads" folder associated with his peer-to-peer application.

7. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to

the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

8. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____
Melissa L. Chong
Special Assistant United States Attorney (LT)

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Christopher Erik Oballe, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
CHRISTOPHER ERIK OBALLE
Defendant

I am the attorney for the Defendant in this case, Christopher Erik Oballe. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Kevin Wilson
Counsel for the Defendant