IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket No. 1:20-cr-222 |
| ) | |
| CHRISTOPHER ERIK OBALLE, ) | Hon. T. S. Ellis, III |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING
PURSUANT TO 18 U.S.C. § 3145(c)**

On September 17, 2020, a grand jury in the Eastern District of Virginia indicted Christopher Erik Oballe on one count of receipt of child pornography and one count of possession of child pornography, pursuant to 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252 (a)(4)(B), respectively. Doc. No. 1. On March 5, 2021, Ms. Oballe was before the Court and entered a plea of guilty to count one of the indictment, pursuant to a plea agreement. Doc. No. 32. The Court accepted Ms. Oballe's plea, ordered briefing on defendant's detention, and released Ms. Oballe on her previous bond conditions pending argument on detention scheduled for March 19, 2021. *Id.*

Ms. Oballe is a 39-year-old transgender woman who suffers from Type II diabetes, amongst other medical conditions. Given her status as transgender woman, she would be at heightened risk of harm from the male inmates with whom she would be housed in general population at the Alexandria Detention Center. Additionally, her medical condition puts her at increased risk for severe illness should she contract COVID-19 while at the Alexandria Detention Center.

**ARGUMENT**

I. ***The Court can order Ms. Oballe's release pending sentencing.***

The Mandatory Detention Act of 1990 requires that defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. *See* U.S.C. § 3143(a)(2); *United States v. Goforth*, 546 F.3d 712, 713-14 (4th Cir. 2008). First, a defendant may be released pending sentencing if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released pending sentencing if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(ii). The third exception is found in 18 U.S.C. § 3145(c), which provides, in pertinent part, as follows:

> "A person subject to detention pursuant to Section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

18 U.S.C. § 3145(c). The District Court is a "judicial officer" within the meaning of § 3145(c) and is therefore authorized to release defendants when "exceptional reasons" exist. *Goforth*, 546 F.3d at 716.

## II. Ms. Oballe meets the conditions of release set forth in 3143(a)(1).

On September 24, 2020, Ms. Oballe was ordered released from custody on a personal recognizance bond with conditions and supervision by Pretrial Services. In advance of the plea hearing on March 5, 2021, Pretrial Services provided a status report an indicated that Ms. Oballe has complied with the terms of location monitoring and the conditions of her release. Accordingly, Ms. Oballe as demonstrated that she is not likely to flee or pose a danger to the safety of any other person or the community.

### III. *There are exceptional reasons why Ms. Oballe's detention would not be appropriate.*

The defense does not dispute that the presumption is that Ms. Oballe should be detained after having been found guilty of receipt of child pornography, pursuant to 18 U.S.C. § 2252(a)(2). The defense submits, however, that there are exceptional reasons why Ms. Oballe's detention would not be appropriate.

1. Detention at Alexandria Detention Center would subject Ms. Oballe to heightened risk of harm

Ms. Oballe is a transgender woman that presents in all respects as a woman, both mentally and physically. If detained at Alexandria Detention Center, she will be housed in general population with men. As such, she is subject to heightened risk of both physical and mental harm from the male inmates.

2. Ms. Oballe's medical condition predisposes her to higher risk of severe complications from COVID-19.

The Center for Disease Control and Prevention (CDC) states that people with Type II diabetes are at increased risk of severe illness from the virus that causes COVID-19.[1] Ms. Oballe's incarceration at Alexander Detention Center exposes her to particularized risk of contracting the disease. The virus thrives in densely packed populations like jails where it is difficult if not impossible for ". . . people to practice social distancing, control their exposure to large groups, practice increased hygiene, wear protective clothing, obtain specific products for cleaning and laundry, avoid frequently touched surfaces, or sanitize their own environment." *United States v. Skelos*, 15-cr-317, 2020 WL 1847558, at *1 (S.D.N.Y. April 12, 2020). "Even in the best run prisons, officials might find it

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

3

difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others." *United States v. Esparza*, No. 1:07-cr-00294-BLW, 2020 WL 1696084 (D. Idaho. Apr. 7, 2020).

Ms. Oballe has not yet received the vaccination for COVID-19. Allowing her to remain out on bond pending sentencing, however, will afford her the opportunity to receive the vaccination before she begins serving her prison sentence.

## CONCLUSION

Ms. Oballe meets the "exceptional reasons" condition of 18 U.S.C. § 3145(c) because of her status as a transgender woman and her medical condition. She also meets the conditions of release set forth in § 3143(a)(1). Therefore, she respectfully requests that this Court allow her to remain out on her existing bond pending sentencing.

Respectfully submitted,

CHRISTOPHER ERIK OBALLE
By counsel

/s/ Kevin E. Wilson
Kevin E. Wilson / Va. Bar. No. 80033
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0860 (telephone)
(703) 600-0880 (facsimile)
Kevin_E_Wilson@fd.org