IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:20-CR-222 |
| ) | |
| CHRISTOPHER ERIK OBALLE, ) | Honorable T.S. Ellis, III |
| a/k/a "Allie Oballe," ) | |
| ) | Status Conference: March 19, 2021 |
| *Defendant.* ) | |
| ) | |

**GOVERNMENT'S BRIEF ON DETENTION UNDER
18 U.S.C. SECTIONS 3143(a)(2) AND 3145(c)**

For over six years, defendant Christopher Erik Oballe was an active participant in the dark online trade of images and videos recording the sexual abuse of children. Defendant has pleaded guilty to this conduct and now stands convicted under 18 U.S.C. § 2252(a)(2) of receiving child pornography. Because this crime is a "crime of violence" under the Bail Reform Act, the law requires defendant to be detained pending sentencing. *See* 18 U.S.C. §§ 3143(a)(2), 3156(a)(4)(C) (defining "crime of violence"). The only exception to mandatory detention lies if defendant can "clearly show [] that there are exceptional reasons" why defendant's detention "would not be appropriate." 18 U.S.C. § 3145(c). Because defendant has not made this showing, pre-sentence detention is mandatory in this case.

**BACKGROUND**

On March 5, 2021, the defendant pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). When the Court raised the issue of detention pending sentencing, the government requested that the defendant be remanded into custody, relying on 18 U.S.C. § 3143(a)(2), while the defendant requested release pending

sentencing. Specifically, the defendant addressed her transgender identity, as well as her medical condition of Type II diabetes exacerbating symptoms should she contract COVID-19 in the Alexandria Adult Detention Center ("ADC"). The Court deferred the defendant's detention until March 19, 2021, when the parties will appear for a status conference.

### LEGAL STANDARD

As a matter of law, the government's position on detention is immaterial under the Bail Reform Act. Section 3143(a)(2) of Title 18 of the U.S. Code provides that, where a defendant has been found guilty of a crime of violence and is awaiting sentencing, "[t]he judicial officer *shall* order" her detention unless certain exceptions apply. *Id.* (emphasis added). In other words, the statutory scheme that Congress has created mandates detention of defendants convicted of crimes of violence. *Cf. United States v. Clark*, No. 2:02-CR-10104, 2003 U.S. Dist. LEXIS 136, at *5 (W.D. Va. Jan. 7, 2003) (ordering the defendant detained pending sentencing despite the government's lack of opposition to release in a case requiring mandatory detention pursuant to 18 U.S.C. § 3143(a)(2)).

As the Fourth Circuit has recognized, defendants may seek relief from the operation of § 3143(a)(2) by arguing that "exceptional reasons" for release exist under 18. U.S.C. § 3145(c). *See United States v. Goforth*, 546 F.3d 712, 716 (4th Cir. 2008). Defendants seeking such relief, however, have a "heavy burden." *United States v. Manso*, No. 13-CR-83S, 2014 U.S. Dist. LEXIS 164642, at *9 (W.D.N.Y. Nov. 25, 2014) (characterizing release requests for "exceptional reasons"). They must show "by clear and convincing evidence why . . . detention would not be appropriate based on exceptional reasons." *United States v. Smith*, 34 F. Supp. 3d 541, 553 (W.D. Pa. 2014); *see also* 18 U.S.C. § 3145(c) (permitting release "if it is clearly shown that there are exceptional reasons why [a defendant]'s detention would not be appropriate"). Moreover, to even

reach the "heavy burden" of showing such exceptional reasons, a defendant seeking pre-sentence release also "(1) must demonstrate by clear and convincing evidence that . . . [they are] not likely to flee or pose a danger to the safety of others; and (2) clearly show that there are 'exceptional reasons' justifying . . . release." *United States v. Ashley*, No. RDB-06-0034, 2020 U.S. Dist. LEXIS 60533, at *2 (D. Md. Apr. 6, 2020) (internal citation omitted); *see also* 18 U.S.C. § 3145(c).

Although statutory text does not define the meaning of "exceptional reasons," courts have interpreted the phrase in accordance with its plain and ordinary meaning. Exceptional reasons, by necessity, are "clearly out of the ordinary, uncommon, or rare." *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam); *United States v. Koon*, 6. F.3d 561, 563 (9th Cir. 1993) (mem.) (same). That is, they "exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). The exceptional reasons inquiry therefore is fact dependent, and courts "have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *Id*.

## ARGUMENT

**I. RECEIPT OF CHILD PORNOGRAPHY IS A CRIME OF VIOLENCE UNDER TITLE 18 U.S.C. SECTION 3143(a)(2) REQUIRING DETENTION PENDING SENTENCING.**

For purposes of post-conviction detention, receipt of child pornography under 18 U.S.C. § 2252 is considered a crime of violence. *See* 18 U.S.C. § 3156(a)(4)(C) (defining "crime of violence" as "any felony under chapter . . . 110"); 18 U.S.C. Ch. 110 ("Sexual Exploitation and Other Abuse of Children") (listing § 2252). Congress has legislatively determined that violence is inherent to the act of receiving images and videos of child pornography. *See United States v. Briggs*, 577 F. Supp. 2d 435, 438 (D.D.C. 2008) ("Congress could reasonably find that offenses

3

that are intrinsically intertwined with the physical abuse of children are appropriately considered crimes of violence in their own right, and it is certainly not the province of this Court to overrule such legislative judgments.").

Because this defendant pleaded to and was found guilty of receipt of child pornography, a crime of violence, the Court is required to order the defendant's detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

## II. THE DEFENDANT'S TRANSGENDER IDENTITY AND DIABETIC MEDICAL CONDITION DO NOT MEET THE 'EXCEPTIONAL REASONS' REQUIREMENT IN 18 U.S.C. SECTION 3145(c).

Defendant asserts that her transgender identity and medical condition of having Type II diabetes are "exceptional reasons" that warrant deviating from the requirement that she be detained pending sentencing. But both reasons are far from exceptional.

### A. Transgender Identity

The government recognizes the defendant's fear of potential harm as an inmate in a detention facility. However, speculation of a defendant being subjected to mistreatment within a local jail does not warrant release. *See Brown*, 368 F.3d at 993. Though the defendant in *Brown* was also convicted of receipt of child pornography, the main issue concerned that defendant's speculative subjection to violence due to the nature of his conviction. *Id.* Here, the defendant argues that as a transgender woman, she will be "subject to heightened risk of both physical and mental harm from the male inmates." Dkt. No. 36, p. 3. While the government is sympathetic to the challenges the transgender community faces on a daily basis, the defendant's argument, in this circumstance, is born out of speculation, like the *Brown* defendant. Further, the Alexandria ADC, the facility that will house the defendant pending sentencing, has experience in accommodating

4

transgender individuals, indeed as recently as in 2019, and may already be familiar in addressing and providing for the defendant's needs and safety.[1]

### B. Type II diabetes and COVID-19

Courts have held that medical conditions do not necessarily present themselves as exceptional reasons for release pending sentencing. *See United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (holding that the defendant's limited ability to hear and confinement to a wheelchair who pleaded guilty to possession of child pornography were not exceptional reasons); *Brown*, 368 F.3d at 993 (treating the defendant for depression pending his sentencing for receipt of child pornography was not exceptional); *United States v. Rausch*, 746 F. Supp. 2d 1192, 1202 (D. Colo. 2010) (finding that the defendant, who pleaded guilty to possession of child pornography, faced end-stage renal failure, and was in need of a kidney transplant would not be released because of his danger to the community, lack of a substantial question on appeal, and detention was appropriate).

Here, the defendant suffers from Type II diabetes, as referenced in her motion for release pending custody, and the government acknowledges her assertion concerning increased risks. Dkt. No. 36, p. 1, 3. However, the ADC has been vigilant in combating the COVID-19 within the facility and has taken substantial steps to limit the risk of exposure to the virus among the inmate population.[2] At best, this issue raises speculation, which does not rise to the level of an exceptional

---

[1] *See* https://www.washingtonpost.com/local/public-safety/chelsea-manning-sent-to-jail-for-refusing-to-testify-in-wikileaks-case/2019/03/08/ecb9eda8-41b4-11e9-9361-301ffb5bd5e6_story.html (stating former Assistant U.S. Attorney told the court that ADC "has experience handling both transgender inmates and public figures").

[2] Currently, Virginia inmates are deemed a priority for vaccination, providing hope that the ADC will be able to administer vaccines to its inmate population soon. *See* https://www.vdh.virginia.gov/covid-19-vaccine/#phase1b (showing that "people living in correctional facilities" are placed in the Phase 1b category of priority).

reason to release her pending sentencing. *See United States v. Stevens*, 454 F. Supp. 3d 472, 478 (E.D. Pa. April 16, 2020) (understanding the defendant's "concern about COVID-19 given his diabetes" while also finding that "speculation about possible future conditions at [a detention facility] does not constitute an exceptional reason for release under 18 U.S.C. § 3145(c).").

\* \* \*

Finally, the government notes that to the extent the defendant asserts that she has shown "exceptional reasons" for pre-sentencing release, she must also show that she meets "the conditions of release set forth in section 3143(a)(1) or (b)(1)" – namely, that by clear and convincing evidence she is not likely to flee or pose a danger to the safety of any other person, including herself. 18 U.S.C. § 3145(c); *see also id.* §§ 3143(a)(1), (b)(1). Here, the defendant is a convicted felon who now faces a period of mandatory incarceration; given the severity of the offense, the government would submit that additional assessments may be warranted to support these conclusions.

## CONCLUSION

Because the defendant stands convicted of receipt of child pornography under 18 U.S.C. § 2252, the Bail Reform Act requires her to be detained pending sentencing.

        Respectfully submitted,

        Raj Parekh
        Acting United States Attorney

By:        /s/
        Maya D. Song
        Assistant United States Attorney
        Melissa L. Chong
        Special Assistant United States Attorney (LT)
        U.S. Attorney's Office for the Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        Email: Maya.Song@usdoj.gov
        Email: Melissa.Chong@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the electronic filing (NEF) to all counsel of record.

By:     /s/
Melissa L. Chong
Special Assistant United States Attorney (LT)
U.S. Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Melissa.Chong@usdoj.gov